USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/20/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAROLYN McGHEE,

                 Plaintiff,

-against-

MONTIFIORE MEDICAL CENTER,

                 Defendant.

16-CV-03417 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Carolyn McGhee ("Plaintiff") commenced this action on May 4, 2016 alleging discrimination on the basis of age and disability in violation of her rights under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* (the "ADEA"), the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117 (the "ADA"), and the New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 – 131 (the "NYCHRL") against Montefiore Medical Center ("Montefiore" or "Defendant").

Before the Court is Defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 ("Defendant's Motion"). (*See* Def. Brief in Support of its Motion ("Def. Br.") (ECF No. 76) at 1-2.) For the following reasons, Defendants' Motion is GRANTED.

## FACTUAL BACKGROUND

All facts are taken from the Defendants' Rule 56.1 Statement of Undisputed Material Facts ("Defs. 56.1") (ECF No. 77), Plaintiff's Response to Defendants' Rule 56.1 Statement of

Undisputed Material Facts ("Plf. Resp.") (ECF No. 68[1]), and a review of the record.[2]

Plaintiff was employed by Montefiore as a business associate from 1999 through 2012. (*See* Plf. Resp. ¶¶1-2.) During the entirety of her employ, Plaintiff was supervised by Patricia Nonnon, (*id.* ¶4), who Plaintiff contends discriminated against her on the basis of age and disability, as they did not get along, (*see id.* ¶31;[3] Compl. at 13-14.[4]) Plaintiff maintains that Nonnon was the only individual who discriminated against her. (*See* Declaration of Jean Schmidt in Support of Defendant's Motion ("Schmidt Decl."), Ex. A ("Plf. Dep.") at 22.)

In April of 2012, plaintiff emailed Nonnon to advise her that "due to health and family

---

[1] Plaintiff faxed a hand written response to Defendants' 56.1, (*see* ECF No. 67), which contained only Plaintiff's responses to Defendants' 56.1 statements, and not the statements themselves. Thereafter, Defendants created a new document containing both their 56.1 statements and Plaintiff's responses to each. (*See* ECF No. 68.) All citations to the undisputed material facts will be to this document ("Plaintiff's Rule 56.1").

[2] In serving Plaintiff with their motion-related papers, Defendants also served Plaintiff with a Notice pursuant to Local Civ. R. 56.2 to *pro se* plaintiffs, which instructs such litigants how to properly oppose a motion for summary judgment. (*See* ECF No. 65.) Such notices inform *pro se* litigants that, in opposing a motion for summary judgment, they cannot rely on the allegations in the pleadings alone. *See* Local Civ. R. 56.2. Instead, it informs *pro se* litigants that to properly oppose a motion for summary judgment the party must, *inter alia*, provide the Court with evidence that supports their position, provide supporting affidavits, and point to evidence that raises specific issues of fact to defeat the motion. *Id.* It also directs *pro se* litigants to contact the Pro Se Intake Office if they have any questions in drafting their opposition. Despite this notice, Plaintiff's opposition is comprised entirely of her Rule 56.1 statement. She has not drafted a brief in support of her opposition, has not cited to facts that support her position, or provided affidavits and documentary evidence to support her opposition to Defendant's Motion.

In light of Plaintiff's *pro se* status, in deciding this motion, the Court has conducted a searching review of the record to "determine if there is any evidentiary support for h[er] assertions of fact that do not cite to evidence and to determine if there are any other material issues of fact." *Feelings v. Stukes*, No. 15-CV1889 (JPO), 2017 WL 3601241, at *1 n.1 (S.D.N.Y. Aug. 21, 2017) (quoting *Geldzahler v. N.Y. Med. Coll.*, 746 F. Supp. 2d 618 (S.D.N.Y. 2010)); *see also Abdul-Hakim Bey v. Iaquinto*, No 12-CV-5875 (JCF), 2015 WL 3385706, at *5 (S.D.N.Y. May 26, 2015) ("Even where the non-moving party has received notice pursuant to Local Civil Rule 56.2 regarding the requirements for opposing summary judgment, a court may 'conduct an assiduous review of the record . . . .").

[3] To the extent Plaintiff disputes this fact, such a dispute is unavailing. Plaintiff merely states that she disagrees because she "do[es] not know if there was [sic] other co-conspirators." (*See* Plf. 56.1 ¶31.) Such a statement contradicts Plaintiff's sworn deposition testimony discussing her answers to interrogatories. (*See* Plf. Dep. at 22-23.) This is insufficient to raise a genuine issue of material fact. *See Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996); *Canales-Jacobs v. N.Y.S. Off. Of Court. Admin.*, 640 F. Supp. 2d 482, 497 (S.D.N.Y. 2009) (citing *Hayes*, 84 F.3d at 619 for proposition that "a party may not use a subsequently-drafted affidavit to contradict her sworn testimony at deposition"); *see also Nguyen v. Dep't of Corr. and Comm. Servs.*, 169 F. Supp. 3d 375, 387 n. 10 (S.D.N.Y. 2016) (noting that a "party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony").

[4] As Plaintiff is a *pro se* litigant whose Complaint was drafted by appending a typed "personal statement" detailing the facts relevant to the claims, to a form complaint, all citations thereto will be to pages as delineated on ECF, not paragraphs.

emergencies", she would "not be able to continue to work for Montefiore." (*See* Plf. Resp. ¶5; Schmidt Decl., Ex. C.) Plaintiff therefore advised that her last day would be July 1, 2012. (*Id.*) Nearly two months later, on June 6, 2012, Plaintiff drove to Montefiore at 12:30 a.m., handed in her security badge to Jimmy Walters, head of security, and informed him that she was resigning. (*See* Plf. Resp. ¶6.) Later in the evening, she wrote an email to Nonnon advising that "due to unfor seen [sic] circumstances", she would have to "render [her] resignation effective immediately." (*Id.* ¶9; Schmidt Decl., Ex. D.) She also advised that she had already turned in her security badge and any other Montefiore property that was previously in her possession. (*Id.*) At no point between April of 2012 and June 6, 2012, did Plaintiff inform that she would be resigning at an earlier date than July 1, 2012. Defendant was expecting Plaintiff to resign on July 1, 2012, not any time sooner. (*See id.* ¶12.)[5]

Nonnon forwarded Plaintiff's emails to Joseph O'Connell, senior labor and executive employee relations manager at Montefiore. (*See* Plf. Resp. ¶14.)[6] In response, O'Connell told Nonnon to "process termination papers and write that she quit without notice and is not eligible for re-hire." (*Id.* ¶16.)[7] Thereafter, Nonnon completed a termination form, marking Plaintiff ineligible for rehire and writing "Carolyn McGhee resigned without sufficient notice" in the space provided for "termination reason." (*Id.* ¶¶18, 19; Schmidt Decl., Ex. E.) Plaintiff testified that she

---

[5] Plaintiff's attempt to dispute that her last day was supposed to be July 1, 2012 is not genuine. First, she testified that both she and Montefiore "were expecting" that her last day would be "July 1." (*See* Plf. Dep. at 95.) Her allegation to the contrary in her Rule 56.1 Response is insufficient. *See Hayes*, 84 F.3d at 619; *Nguyen*, 169 F. Supp. 3d at 387 n. 10 (noting that a "party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony"). Second, Plaintiff's contention that her "initial last day was May 13, 2012, (*see* Plf. Resp. ¶12), is not only contradicted by her testimony, but is also wholly unsupported by the record, as there is no testimony or documentary evidence that demonstrates as much.

[6] Plaintiff's attempt to dispute this fact is unavailing. Plaintiff merely states that "Joseph O'Connell never mentioned the April 29, 2012 email." (*See* Plf. Resp. ¶14.) Plaintiff provides no citation or context to support this contention. Moreover, a sworn affidavit from Mr. O'Connell, (*see* Declaration of Joseph O'Connell ("O'Connell Decl.") (ECF No. 62)), and a copy of Nonnon's email to him forwarding Plaintiff's resignation emails, (*see id.*, Ex. A), demonstrate that the dispute is not genuine.

[7] The dispute of this fact is not genuine for the same reasons as articulated, *supra* n. 5.

3

does not know Joseph O'Connell. (*See* Plf. Resp. ¶32.) Though Plaintiff contends that she was designated as ineligible for rehire as a result of Nonnon's discrimination and retaliation, she admitted that she does not know who made the decision not to rehire her. (*See Id.* ¶30.)

Though Plaintiff had resigned from Montefiore, she was still employed by Sound Shore Medical Center ("Sound Shore"). (*Id.* ¶20.) In 2013, Montefiore acquired Sound Shore and "agreed to hire substantially all of Sound Shore's employees provided that they passed Montefiore's onboarding process." (*Id.* ¶¶21-22.)[8] During the onboarding process, Montefiore generated a list of employees who were previously designated as "do not hire" for various reasons. (*Id.* ¶24.) In light of the information on her termination form completed by Nonnon, Plaintiff was on that list. (*See Id.*) Plaintiff applied to be rehired in November of 2013, but was not. (*Id.* ¶23.) Angie Mercado, the individual in charge of the onboarding process at Montefiore, did not rehire Plaintiff because she had appeared on the "do not hire list." (*Id.* ¶¶25-27.)

## STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of pointing to evidence in the record, "including depositions, documents . . . [and] affidavits or declarations," *see* Fed. R. Civ. P. 56(c)(1)(A), "which it believes demonstrate[s] the absence of a genuine issue of material fact," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party fulfills its preliminary burden, the onus

---

[8] Plaintiff's attempt to dispute this fact is not genuine. Plaintiff contends that she "was never notified why [she] was not hired." (*See* Plf. Resp. ¶22.) First, that is not adequate to dispute the fact that Montefiore agreed to hire Sound Shore employees provided they pass an onboarding process. Second, the contention is plainly incorrect as Plaintiff testified: (1) that all Sound Shore employees were informed that so long as they had "a clean record,[took] a background check, pass[ed] a drug test, ha[d] never been fired, suspended, [or] left on bad terms," they would be rehired, (*see* Plf. Dep. at 84); and (2) that she later learned she was not hired because she was on a "do not rehire" list, (*see id.* at 86, 89.)

4

shifts to the nonmoving party to raise the existence of a genuine issue of material fact. Fed. R. Civ. P. 56(c)(1)(A); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *accord Gen. Star Nat'l Ins. Co. v. Universal Fabricators, Inc.*, 585 F.3d 662, 669 (2d Cir. 2009); *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008); *Benn v. Kissane*, 510 F. App'x 34, 36 (2d Cir. 2013) (summary order). Importantly, "the judge's function is not himself to weigh the evidence and determine the truth of the matter," nor is it to determine a witness's credibility. *Anderson*, 477 U.S. at 249; *see also Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010). Rather, "the inquiry performed is the threshold inquiry of determining whether there is the need for a trial." *Anderson*, 477 U.S. at 250. Summary judgment should be granted when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 322.

Critically, in an opposition to a motion for summary judgment "[s]tatements that are devoid of any specifics, but replete with conclusions" will not suffice. *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"); *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (nonmoving party "may not rely on conclusory allegations or unsubstantiated speculation" (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998))). Moreover, "[a non-moving party's] self-serving statement, without direct or circumstantial evidence to support the charge, is insufficient to defeat a motion for summary judgment." *Fincher v. Depository Trust & Clearing Corp.*, No. 06 Cv. 9959 (WHP), 2008 WL 4308126, at *3 (S.D.N.Y. Sept. 17, 2008)

*aff'd*, 604 F.3d 712 (2d Cir. 2010) (citing *Gonzales v. Beth Israel Med. Ctr.*, 262 F. Supp. 2d 342, 353 (S.D.N.Y. 2003)).

Though *pro se* litigants' submissions are to be construed liberally, even their "mere 'conclusory statements, conjecture, or speculation'" will be insufficient to defeat summary judgment. *Feelings v. Stukes*, No. 15-CV1889 (JPO), 2017 WL 3601241, at *1 (S.D.N.Y. Aug. 21, 2017) (quoting *Cruz v. Midwood Ambulance & Oxygen Serv., Inc.*, 136 F. App'x 414 (2d Cir. 2005)).

## DISCUSSION

### I. The ADEA and the ADA

The sole issue before the Court is whether Plaintiff's designation as ineligible for rehire was the result of discrimination or retaliation.[9]

On summary judgment, claims pursuant to the ADA and ADEA are subject to the *McDonnell Douglas* burden-shifting analysis. *See Kessler v. Westchester Cnty. Dep't of Soc. Servs.*, 461 F.3d 199, 205 (2d Cir. 2006); *McMillan v. City of New York*, 711 F.3d 120, 125 (2d Cir. 2013); *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010). Regardless of the claim, plaintiff bears the initial burden of demonstrating its prima facie case. *Cortes v. MTA New York Transit*, 802 F.3d 226, 231 (2d Cir. 2015); *McMillan*, 711 F.3d at 125. Assuming Plaintiff demonstrates a prima facie case, a "presumption arises that the employer unlawfully discriminated," *Roge v. NYP Holdings, Inc.*, 257 F.3d 164, 168 (2d Cir. 2001), and the burden then "shifts to the employer to give a legitimate, non-discriminatory reason for its actions." *McDonnell*

---

[9] Plaintiff alleges that the decision not to rehire her in 2013, after Montefiore had acquire Sound Shore, resulted from discrimination and retaliation on the basis of age and disability. (*See* Compl. at 12-14.) As the decision to put Plaintiff on the "do not rehire" list was made in 2012 and was the direct catalyst for the decision not to rehire Plaintiff, the Court must ascertain whether the decision to put Plaintiff on this list was motivated by discriminatory or retaliatory animus.

*Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). The "final and ultimate burden" then returns to Plaintiff to demonstrate that "defendant's reason is in fact pretext for unlawful discrimination." *Cortes*, 802 F.3d at 231. The same standard applies with respect to retaliation under either statute. *See Gorzynski*, 596 F.3d at 110; *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006); *Kessler*, 461 F.3d at 205.

A prima facie case of disability discrimination requires a plaintiff to demonstrate, by a preponderance of the evidence, that: (1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability." *Sista*, 445 F.3d at 169. Under the ADEA, a Plaintiff must demonstrate: "(1) that she was within the protected age group, (2) that she was qualified for the position, (3) that she experienced adverse employment action, and (4) that such action occurred under circumstances giving rise to an inference of discrimination." *Gorzynski*, 596 F.3d at 107.

Critical to a prima facie case under either statute, a plaintiff must demonstrate sufficient facts that give rise to an inference of discrimination. *See Littlejohn v. City of New York*, 795 F.3d 297, 307 (2d Cir. 2015) (must show "some minimal evidence suggesting an inference that the employer acted with discriminatory motive"); *Amador v. Macy's East-Herald Sq.*, No. 12-CV-4884 (MHD), 2014 WL 5059799, at *19 (S.D.N.Y. Oct. 3, 2014). Conclusory assertions will not do. *See Lizardo v. Denny's Inc.,* 270 F.3d 94, 104 (2d Cir. 2001) (noting that a plaintiff must do "more than 'cite to their mistreatment and ask the court to conclude that it must have been related to" discrimination) *Farina v. Branford Bd. of Educ.*, 458 F. App'x 13, 16 (2d Cir. 2011) (summary order). As Plaintiff has not submitted a brief in opposition or cited to any evidence in support of

7

her responses to Defendant's Rule 56.1 statement, this Court has performed an independent review of the record in rendering the following opinion.

The only instances in the record that appear to be an attempt to show discriminatory animus are Plaintiff's allegations that Nonnon "began to put stress on" Plaintiff, that "there was an issue with [Plaintiff] and [Nonnon]", that such issues with Nonnon were "well documented from the state of New York", and that Nonnon knew Sound Shore would be acquired by Montefiore and purposefully put Plaintiff on "the do not rehire list" after she resigned as a form of discrimination and retaliation. (*See* Compl. at 13-14.) Such allegations are contained in the Complaint only and Plaintiff therefore cannot rely on them. *See Clark v. Jewish Childcare Ass'n, Inc.*, 96 F. Supp. 3d 237, 247 (S.D.N.Y. 2015) (parties "cannot rely on the mere allegations or denials contained in the pleadings" to defeat summary judgment); *Shands v. Lakeland Cent. Sch. Dist.*, No. 15-CV-4260 (KMK), 2018 WL 3315738, at *10 (S.D.N.Y. July 5, 2018). Plaintiff does not provide proof of any of these allegations and does not testify to any issues she had with Nonnon, let alone provide any documents to substantiate the claim that Nonnon's conduct was "well documented." (*See generally* Plf. Dep.) Even if she had, such allegations alone are insufficient as they contain no information from which it can be inferred that the animus Nonnon had for Plaintiff, if any, related to Plaintiff's age or disability. *See Lizardo*, 270 F.3d at 104 (noting that "no comment or statement made by the defendants had any racial content or overtone" and quoting *Norton v. Sam's Club*, 145 F.3d 114, 120 (2d Cir. 1998) for proposition that the "anti-discrimination law 'does not make defendants liable for doing stupid or even wicked things, it makes them liable for discriminating'") (internal alterations omitted).

Overall, Plaintiff has provided no documents, evidence, or other admissible testimony to raise an inference that the decision to put her on the "do not rehire list" had anything to do with

8

her age or disability, and a review of the record does not demonstrate that such proof exists. She has failed to meet her burden. *See Witkowich v.Gonzales*, 541 F. Supp. 2d 572, 589 (S.D.N.Y. 2008) (granting summary judgment where statements are "purely conclusory allegations unsupported by any actual evidence of discriminatory acts or intentions"); *Shub v. Westchester Comm. Coll.*, 556 F. Supp. 2d 227, 255-56 (S.D.N.Y. 2008) (granting summary judgment where "Plaintiffs' conclusory allegation that age must have been a motivating factor because two other retired professors in the protected age group were removed from the priority list is unsupported by any actual evidence of discriminatory motive"); *Waters v. Gen. Bd. of Glob. Ministries*, 769 F. Supp. 2d 545, 555 (S.D.N.Y. 2011) ("[S]uch a generalized, unsupported grievance will not permit [plaintiff] to withstand summary judgment.").

Plaintiff also cannot demonstrate that material questions of fact exist such that Defendant's legitimate reason for not re-hiring her was pretext for discrimination. The undisputed material facts demonstrate the following: (1) Montefiore required that individuals intending to resign provide at least two weeks' notice before their last day, (*see* Plf. Resp. ¶13); (2) on April 29, 2012, Plaintiff indicated her intent to resign due to health and family emergencies to Nonnon, (*see* Plf. Resp. ¶5); (3) in that email, Plaintiff informed that her last day would be July 1, 2012, (*see id.* ¶5); (4) instead, on June 6, 2012, Plaintiff indicated via email that, due to unforeseen circumstances,[10] her resignation would be effective immediately, (*id.* Plf. Resp. ¶¶6, 9); and Montefiore expected Plaintiff's last day would be July 1, 2012, not one month earlier, (*id.* ¶12.) In resigning on June 6, 2012, instead of July 1, 2012, as expected, Plaintiff failed to provide Montefiore with the requisite

---

[10] To the extent Plaintiff intended to argue that the unforeseen circumstances pertained to Nonnon's alleged discrimination of Plaintiff, insofar as she "began to put more stress on" plaintiff, (*see* Compl. at 13), such allegations are not supported by the record, as they are not contained anywhere in Plaintiff's 56.1 response or that portion of her deposition of which this Court is in possession, (*see generally* Plf. Resp.; Plf. Dep.) Indeed, her 56.1 response indicates that the unforeseen circumstances related to her health, (*see* Plf. Resp. ¶10 (indicating that she notified Nonnon "of health and family emergencies").)

two weeks' notice. The designation as "do not rehire" for failure to provide two weeks' notice was therefore legitimate.[11] *See Raytheon v. Hernandez*, 540 U.S. 44, 51-52 (2003) ("a neutral no-rehire policy is, by definition, a legitimate, nondiscriminatory reason under the ADA").

Additionally, it was O'Connell, not Nonnon, that made the decision to designate Plaintiff as ineligible for rehire, an individual Plaintiff admitted to not knowing during her employ. (*See* Plf. Resp. ¶¶16, 17, 32.)[12] Moreover, there is no evidence demonstrating that Nonnon, to the extent she did have discriminatory animus, in any way influenced O'Connell's decision. Plaintiff cannot raise a genuine issue of material fact as to pretext; the record reveals no facts that indicate that Defendant's reason for placing Plaintiff on a "no rehire list" was false and that her age or disability actually motivated O'Connell's decision. *See Mazur v. N.Y.C. Dep't of Educ.*, 53 F. Supp. 3d 618, 634 (S.D.N.Y. 2014) (dismissing ADEA claim in view of "the detailed history of Plaintiff's transgressions and Plaintiff's lack of evidence aside from conclusory and contradictory statements," such that "no reasonable jury could conclude that Plaintiff's age was the 'but-for' cause of" the adverse action); *Holowecki v. Fed. Exp. Corp.*, 644 F. Supp. 2d 338, 353 (S.D.N.Y. 2009) ("Because Holowecki has offered nothing more than conclusory allegations in support of his age discrimination claim, and because, in any event, he has proven unable to point to any evidence demonstrating that the articulated reason for his termination was a pretext for discrimination, his claims must be dismissed."); *see also Mack v. Port Auth. of N.Y. and N.J.*, 225 F. Supp. 2d 376, 382 (S.D.N.Y. 2002) (noting that a "court may grant summary judgment when

---

[11] To the extent Plaintiff maintains that she had given the requisite two weeks' notice by informing Defendant in April that she intended to resign, (*see* Plf. Resp. ¶12), such a contention is conclusory and therefore insufficient to defeat summary judgment. Moreover, her April email advised that her last day was July 1, 2012; Defendant had no reason to expect that she would have left earlier and therefore her decision to unexpectedly do so violated the two weeks' notice policy.

[12] The fact that Plaintiff disputes any portion of these facts because she did not know O'Connell until after the disposition of her EEOC charges, is of no moment. Indeed, the fact that Plaintiff did not know the individual who made the decision to designate her as ineligible for rehire demonstrates Plaintiff's inability to prove pretext.

defendants present convincing evidence to explain their actions and plaintiff's assertions are comprised of purely conclusory allegations of discrimination").

Plaintiff's position is thus akin to one asking this Court to find discrimination solely because Plaintiff belongs to a protected class and was treated, as she believes, unfairly; such a position is untenable. *See Lambert v. McCann Erickson*, 543 F. Supp. 2d 265, 282 (S.D.N.Y. 2008) (granting summary judgment where only evidence of discrimination was that "plaintiff was pregnant and that she was treated unfairly"); *Varughese v. Mt. Sinai Med. Cntr.*, No. 12-CV-8812 (CM) (JCF), 2015 WL 1499618, at *42 (S.D.N.Y. Mar. 27, 2015) (declining a finding of pretext for similar reasons).

The same is true for Plaintiff's retaliation claim. The basis of her retaliation claim is that Nonnon retaliated against her resignation by designating Plaintiff as ineligible for rehiring. To the extent Plaintiff can even make out a prima facie case for retaliation, for the same reasons as articulated above, (that O'Connell, not Nonnon made the decision to designate Plaintiff as such and that there is no evidence in the record to suggest that the legitimate reason was false), Plaintiff cannot sustain a retaliation claim. *See Concepcion v. City of New York*, No. 15-CV-2156 (AJP), 2016 WL 386099, at *20 (S.D.N.Y. Jan. 29, 2016) (summary judgment proper where Plaintiff proffered no evidence that adverse action was caused by her engaging in protected activity); *Ferraro v. N.Y.C. Dep't of Educ.*, No. 09-CV-8993 (JSR), 2010 WL 3912466, at *2 (S.D.N.Y. Sept. 14, 2010) (summary judgment warranted where plaintiff "provide[d] no basis from which a reasonable factfinder could infer that the decision to rehire [certain teachers over plaintiff] was remotely related to, much less pretextual or caused by, discrimination regarding [plaintiff's] age or retaliation for [protected activity]"). Defendant is entitled to summary judgment.

## II. NYCHRL Claim

In light of this Court's decision to grant summary judgment in Defendant's favor on Plaintiff's federal claims, it does not assess the merits of Plaintiff's NYCHRL claim and declines to exercise supplemental jurisdiction over it. *See Schaefer v. Town of Victor*, 457 F.3d 188, 210 (2d Cir. 2006); *Rocco v. N.Y.S. Teamsters Conference Pension and Ret. Fund*, 281 F.3d 62, 72 (2d Cir. 2002); *Mabry v. Neighborhood Def. Serv.*, 769 F. Supp. 2d 381, 402 (S.D.N.Y. 2011); *Concepcion*, 2016 WL 386099, at *21; *Sefovic v. Mem. Sloan Kettering Cancer Cntr.*, No. 15-CV-5792 (PAC), 2017 WL 3668845, at *8 (S.D.N.Y. Aug. 23, 2017) (court can dismiss state law claims where "it has dismissed all claims over which it has original jurisdiction"). Such claim is therefore dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is GRANTED. Plaintiff's Complaint is therefore dismissed with prejudice, except for the state law claim which Plaintiff is free to assert in state court to the extent a cognizable claim exists. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Opinion and Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coopedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of the Court is directed to mail a copy of this Opinion and Order to Plaintiff at her address as listed on ECF and reflect proof of mailing on the docket.

The Clerk of the Court is directed to enter judgment in favor of Defendant Montefiore. The Clerk of the Court is also directed to terminate the motion at ECF No. 59 and terminate the action.

Dated: September 19, 2018
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge